777 So.2d 1034 (2000)
COLONY INSURANCE COMPANY, Appellant,
v.
G & E TIRES & SERVICE, INCORPORATED, Appellee.
No. 1D00-0326.
District Court of Appeal of Florida, First District.
December 29, 2000.
*1035 William R. Mitchell, Esquire, of Hook, Bolton, Mitchell, Kirkland & McGhee, P.A., Pensacola, for Appellant.
Richard M. Denney, Esquire, Fort Walton Beach, for Appellee.
BENTON, J.
Colony Insurance Company (Colony) appeals an order denying reimbursement it seeks for expenses it incurred in defending a lawsuit Felicia Frulla Hollis brought against G & E Tires & Service, Inc. (G & E). In the absence of even a potential basis for the duty to defend that G & E claimed Colony hadand in keeping with the parties' understanding when Colony assumed financial responsibility for G & E's defensewe reverse the order denying reimbursement, and remand for further proceedings.
Colony's Garage Liability and Garage Keepers Legal Liability Policy insured G & E against liability G & E might incur for property damage or for bodily injury caused by accidents resulting from garage operations. But the policy excluded from coverage liability for intentional acts, for acts by fellow employees resulting in bodily injury, and for bodily injury to any G & E employee arising out of and in the course of employment. The policy also specifically excluded coverage for liability for any injury to "[a] person arising out of any ... [e]mployment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person...."
While Ms. Hollis was at work for G & E, her complaint alleged, G & E's owner, manager and other male employees subjected her to battery, sexual harassment, invasion of privacy, and intentional infliction of emotional distress, causing her "mental anguish, physical discomfort, pain and suffering, humiliation [or shame] and embarrassment." Three times G & E requested Colony to defend against these claims and three times Colony refused,[1] *1036 evidently denying that the insurance it provided G & E covered liability for intentional torts or for injuries to employees in the workplace (even assuming "bodily injury" had been fairly pleaded).
Only after reserving (among other rights) its right to be reimbursed for "defense costs incurred or to be incurred in the future," did Colony accede to G & E's fourth request to undertake the defense of Ms. Hollis's lawsuit, on April 23, 1998:
Colony will agree to defend the insured under a reservation of rights. At the same time, we will file a declaratory judgment action against the insured to resolve the coverage and duty to defend issue.... As you know, recent case law in Florida requires that we reach an agreement as to mutually agreeable counsel to handle the defense when there are coverage issues involved. Please contact me ... so that we can discuss and agree upon counsel for the insured.
Colony specified the rights it reserved in a second letter dated May 19, 1998, as follows:
This letter is to serve as a reservation of Colony's rights to deny coverage and/or defense under the Policy and/or applicable law and further, with respect to defense costs incurred or to be incurred in the future, to be reimbursed and/or obtain an allocation of attorney's fees and expenses if it is determined that there is no coverage.
In accepting the defense provided by Colony, G & E necessarily agreed to the terms on which Colony extended the offer. Cf. Southampton Dev. Corp. v. Palmer Realty Group, Inc., 769 So.2d 1113 (Fla. 2d DCA 2000); Tassy v. Hall, 429 So.2d 30, 35 (Fla. 5th DCA 1983).
A liability insurer has a duty to defend third-party claims against its insured that is distinct from, and broader than, its duty to indemnify its insured. See Irvine v. Prudential Property and Cas. Ins. Co., 630 So.2d 579, 580 (Fla. 3d DCA 1993) (citing Florida Ins. Guar. Ass'n v. Giordano, 485 So.2d 453, 456 (Fla. 3d DCA 1986)); Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810, *1037 813-14 (Fla. 1st DCA 1985). In Grissom v. Commercial Union Ins. Co., 610 So.2d 1299, 1306-07 (Fla. 1st DCA 1992), we said:
An insurer's duty to defend is to be determined from the allegations in the complaint against the insured. National Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla.1977); State Farm Fire and Cas. Co. v. Edgecumbe, 471 So.2d 209 (Fla. 1st DCA 1985); Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810 (Fla. 1st DCA 1985). The insurer must defend if the allegations in the complaint could bring the insured within the policy provisions of coverage. State Farm Mutual Auto. Ins. Co. v. Universal Atlas Cement Co., 406 So.2d 1184 (Fla. 1st DCA 1981), rev. denied, 413 So.2d 877 (Fla.1982). If the complaint alleges facts partially within and partially outside the coverage of the policy, the insurer is obligated to defend the entire suit. Tropical Park, Inc., v. United States Fidelity and Guaranty Co., 357 So.2d 253, 256 (Fla. 3rd DCA 1978). The duty to defend is separate and apart from the duty to indemnify and the insurer is required to defend the suit even if the true facts later show there is no coverage. Klaesen Bros., Inc. v. Harbor Ins. Co., 410 So.2d 611 (Fla. 4th DCA 1982). All doubts as to whether a duty to defend exists in a particular case must be resolved against the insurer and in favor of the insured. Baron Oil Co., 470 So.2d at 814. So long as the complaint alleges facts that create potential coverage under the policy, the insurer must defend the suit. Tropical Park, 357 So.2d at 256.
Here, as the learned trial judge ultimately found, Colony's policy unequivocally excluded coverage for liability arising from the injuries Ms. Hollis's complaint against G & E alleged. Her allegations plainly do not create potential coverage under the policy, in whole or in part. Nor does Section 627.426(2), Florida Statutes (1997), somehow give rise to coverage for injuries or losses the policy had unambiguously excluded.[2]
Where coverage is disputed, an insurer must decide whether to (1) assume its insured's defense without reservation, despite the dispute; or (2) obtain a non-waiver agreement after full disclosure of the coverage defenses it seeks to preserve; or (3) send a reservation of rights letter and appoint mutually agreeable defense counsel. See § 627.426(2)(b)(3), Fla. Stat. (1997); Steadfast Ins. Co. v. Sheridan Children's Healthcare Serv., 34 F.Supp.2d 1364, 1366 (S.D.Fla.1998)(construing Florida law); First Am. Title Ins. Co. v. Nat'l Union Fire Ins. Co., 695 So.2d 475, 477 (Fla. 3d DCA 1997) ("An insurer does not breach its duty to defend an insured when it provides a defense under a reservation of rights."); Irvine, 630 So.2d at 580 ("We believe that the better process is to require *1038 the insurer to defend the action under a reservation of rights."). A duty to defend does not create coverage where coverage does not exist.
As planned, after assuming G & E's defense in the lawsuit Ms. Hollis had brought,[3] Colony filed a separate declaratory judgment action against G & E on June 8, 1998, seeking to establish that Colony had no obligation under the policy either to defend or to indemnify. The trial court entered final declaratory judgment in Colony's favor on May 17, 1999, finding no duty to defend G & E on any of the claims asserted by Ms. Hollis because the exclusions from coverage in Colony's policy applied.[4] At no time did Colony seek to recover attorney's fees and costs incurred in the declaratory judgment action.
After entry of final judgment in the declaratory judgment action, however, Colony did file a motion seeking reimbursement for the attorney's fees and other costs Colony had expended defending G & E against Ms. Hollis's suit. The trial court denied the motion, reporting an absence of controlling authority on the question, and Colony appealed.
We have also been unable to find reported decisions by Florida courts on when or whether an insurer should be reimbursed for costs (including attorney's fees) expended in defending claims which do not, as alleged, give rise even to a potential duty to defend. But other courts have addressed the question. The California Supreme Court reasoned in Buss v. Superior Court, 16 Cal.4th 35, 65 Cal.Rptr.2d 366, 939 P.2d 766, 775-77 (1997) (citations omitted):
As to the claims that are at least potentially covered, the insurer may not seek reimbursement for defense costs. Apparently, none of the decisional law considering such claims in and of themselves suggests otherwise.
The reason is this. Under the policy, the insurer has a duty to defend the insured as to the claims that are at least potentially covered. With regard to defense costs for these claims, the insurer has been paid premiums by the insured. It bargained to bear these costs. To attempt to shift them would upset the arrangement....
As to the claims that are not even potentially covered, however, the insurer may indeed seek reimbursement for defense costs. Apparently, all the decisional law considering such claims in and of themselves so assumes. So has it been held: "California law clearly allows insurers to be reimbursed for attorney's fees" and other expenses "paid in defending insureds against claims for which there was no obligation to defend."
The reason is this. Under the policy, the insurer does not have a duty to defend the insured as to the claims that are not even potentially covered. With regard to defense costs for these claims, the insurer has not been paid premiums by the insured. It did not bargain to bear these costs. To attempt to shift them would not upset the arrangement. The insurer therefore has a right of reimbursement that is implied in law as quasi-contractual, whether or not it has one that is implied in fact in the policy as contractual.
*1039 Similarly, in Knapp v. Commonwealth Land Title Insurance Company, 932 F.Supp. 1169, 1172 (D.Minn.1996), where the insurer provided its insured a defense under a reservation of rights, specifically reserving the right to seek reimbursement for attorneys' fees incurred in defending claims not covered under the policy, the court held:
The courts should be consistent in encouraging insurance companies to properly meet their duty to defend its insured against third party claims and minimize unnecessary claims to enforce policy coverage. However, where an insurer has properly met its duty and subsequently successfully challenges policy coverage, it should be entitled to the full benefit of such a challenge and be reimbursed for the benefits it bestowed, in good faith, to its insured.
Id. at 1172; see also Hecla Mining Co. v. New Hampshire Ins. Co., 811 P.2d 1083, 1089 (Colo.1991)(en banc) ("The appropriate course of action for an insurer who believes that it is under no obligation to defend, is to provide a defense to the insured under a reservation of its rights to seek reimbursement should the facts at trial prove that the incident resulting in liability was not covered by the policy, or to file a declaratory judgment action after the underlying case has been adjudicated.").
These authorities persuade us that Colony is entitled to reimbursement in the circumstances of the present case. Colony's reservation of rights and appointment of mutually agreeable counsel makes any claim that G & E detrimentally relied on the defense it received at Colony's expense untenable. G & E is no worse off than if it had itself retained the lawyer whom Colony and G & E agreed should handle its defense. In that event, too, G & E would have been responsible for the lawyer's bills. Colony timely and expressly reserved the right to seek reimbursement of the costs of defending clearly uncovered claims, which it consistently identified as such. Having accepted Colony's offer of a defense with a reservation of the right to seek reimbursement, G & E ought in fairness make Colony whole, now that it has been judicially determined that no duty to defend ever existed.
A party cannot accept tendered performance while unilaterally altering the material terms on which it is offered. See generally Restatement (Second) of Contracts § 69 (1981). Like cases similarly decided outside Florida, the present case involves a commercial insurance policy, two apparently sophisticated parties, and defense costs wholly and unquestionably attributable to clearly uncovered claims. G & E's acceptance of the defense Colony offered to finance manifested acceptance of the terms on which Colony's offer to pay for the defense was tendered. Cf. McGehee v. Mata, 330 So.2d 248, 249 (Fla. 3d DCA 1976). Colony is entitled to reimbursement.
The order denying appellant's motion for an award of attorney's fees and costs is reversed, and the case is remanded for further proceedings consistent with this opinion.
JOANOS and WOLF, JJ., concur.
NOTES
[1] Colony first denied coverage and any responsibility to provide a defense in a letter dated July 21, 1997:

Having investigated the above facts/ allegations we now believe Colony's policy does not apply. Given this fact we will no longer investigate, defend, evaluate, monitor or attempt to resolve this claim. We urge you to refer this matter to your personal attorney to ensure your interest's are protected.
Please advise us, in writing, if you know, have or in the future learn of additional facts, documents or circumstances, that may result in coverage. Should a lawsuit be filed against your company, we request to review the papers so that we may determine if coverage applies. If you have any questions or disagree with the position no coverage exists, please contact us.
G & E responded to Colony's denial four days later: "G & E Tires & Service, Inc. does not agree with your letter of no coverage and please be advised that attorney fees and costs incurred by G & E Tires & Service, Inc. pursuant to the above captioned matter, will be a further claim." Then, on September 19, 1997, counsel for G & E forwarded to Colony a copy of Ms. Hollis's complaint and a motion to dismiss as attachments to a letter stating, "As the corporation ... can only be held liable by and through its employees and representatives, it would seem to me that your insured is entitled to a defense pursuant to the coverage." On September 22, 1997, counsel for G & E advised Colony by letter that the corporation had been served with Felicia Hollis' complaint and further stated "G & E ... has not condoned any acts of its agents or representatives as pled and I believe that your coverage would be effective." On October 13, 1997, Colony again denied coverage and any duty to defend.
In response to Colony's letter dated December 3, 1997, G & E stated on December 9, 1997, that "[i]t is still the position of G & E Tires and Service, Inc. that they are due coverage pursuant to the allegations of the Complaint and pursuant to their steadfast position that the lawsuit of Ms. Hollis is not grounded in any acts of G & E Tires and Service, Inc. or its representatives and the demand for coverage and defense still exists." Colony acknowledged the letter in a response dated December 18, 1997, "We are reviewing again our position and your request and have sent the file material to our coverage counsel for their opinion." A conference between G & E and Colony representatives was held on January 23, 1998. On February 11, 1998 Colony further indicated it did not believe it had a duty to defend:
We have had plaintiff's first amended complaint reviewed by our coverage counsel and he feels even more strongly that there is no coverage for the complaint nor that Colony has a duty to defend it.... Do you still feel Colony has a duty to defend this amended complaint and are you intending in making a claim for your fees and expenses? We are prepared to file a declaratory judgment action against the insured if necessary.
On April 14, 1998, G & E again demanded that Colony provide it with a defense:
In reviewing the policy, ... I simply do not see that coverage would not apply to G & E Tires. I again tender this matter to the insurance carrier of G & E Tires for protection and/or expenses in the defense of this matter and that will be our position subject to judicial determination.
[2] There has been no contention that Colony failed to comply with the requirements of section 627.426(2), Florida Statutes (1997) either when it preliminarily denied coverage or when it initially refused to defend G & E. Section 627.426(2) provides in pertinent part:

A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless:
(a) Within 30 days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail sent to the last known address of the insured or by hand delivery; and
(b) Within 60 days of compliance with paragraph (a) or receipt of a summons and complaint naming the insured as a defendant, whichever is later, but in no case later than 30 days before trial, the insurer:
1. Gives written notice to the named insured by registered or certified mail of its refusal to defend the insured....
In any event, an insurer is not estopped to deny coverage on account of noncompliance with the notice requirements of section 627 426(2), where a policy excludes coverage. See AIU Ins. Co. v. Block Marina Inv., 544 So.2d 998, 999, 1000 (Fla.1989) (construing the term "coverage defense" to mean "a defense to coverage that otherwise exists" and holding that "section 627.426(2) ... [does not] give an insured coverage which is expressly excluded from the policy").
[3] On September 30, 1998, while the declaratory judgment action was pending, Ms. Hollis served a second amended complaint in which she realleged her original claims and added new allegations of negligence and of the negligent retention, supervision and training of her alleged harassers.
[4] The present case is not a case where the factual potential for coverage imposed a duty to defend until the insurer developed facts showing there was no duty in the particular circumstances. In such situations the insurer's duty to defend ceases prospectively from the subsequent determination but not retroactively from the beginning. See Allstate Ins. Co. v. Conde, 595 So.2d 1005, 1006 + n. 3 (Fla. 5th DCA 1992) (citing C.A. Fielland, Inc. v. Fidelity & Cas. Co., 297 So.2d 122, 127 (Fla. 2d DCA 1974)). Here, because the claims were specifically excluded from coverage, as alleged both in the original and in the amended complaints, there never was any potential for coverage.