932 So.2d 516 (2006)
JIM BLACK & ASSOCIATES, INC., Appellant,
v.
TRANSCONTINENTAL INSURANCE COMPANY, Appellee.
No. 2D05-2262.
District Court of Appeal of Florida, Second District.
June 21, 2006.
*517 Mark A. Boyle of Fink & Boyle, P.A., Fort Myers, for Appellant.
Chris Ballentine and Jamie Billotte Moses of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Appellee.
VILLANTI, Judge.
Transcontinental Insurance Company defended Jim Black & Associates, Inc., in a lawsuit brought by Pompanette, LLC, for patent infringement and unfair competition. Transcontinental disputed coverage but agreed to defend Jim Black under a reservation of rights. Because we found that Pompanette's claims were not covered by Jim Black's policy with Transcontinental, we remanded for the trial court to determine Transcontinental's right to recover the costs of defense that it incurred while defending Jim Black. Transcon. Ins. Co. v. Jim Black & Assocs., Inc., 888 So.2d 671 (Fla. 2d DCA 2004). Jim Black now appeals the trial court's determination that Transcontinental was entitled to its defense costs, fees, and expenses totaling $101,246.71. We affirm the trial court's determination of entitlement and write only to express our agreement with the First District's opinion in Colony Insurance Co. v. G & E Tires & Service, Inc., 777 So.2d 1034 (Fla. 1st DCA 2000). We reject without comment Jim Black's argument that Transcontinental was not entitled to interest on its defense costs, fees, and expenses.
After Pompanette sued Jim Black in federal court for patent infringement and unfair competition, Transcontinental, through its attorneys, sent Jim Black a five-page letter via certified mail on February 14, 2002, explaining that "there is not coverage for the Pompanette claim under Jim Black's commercial general liability policy" with Transcontinental. The letter further stated:
Despite the fact [Transcontinental] believes there is no coverage, [it] will for *518 now provide a defense of the Pompanette claim to Jim Black under a complete and total reservation of rights. This defense will be afforded through Attorney C. Douglas McDonald of the Carlton, Fields law firm. . . . We understand they are mutually agreeable counsel. This will also confirm that in consideration for [Transcontinental's] agreeing to the insured's choice of counsel as mutually agreeable counsel, we have worked out an arrangement on a sharing of the defense costs. . . .
[Transcontinental's] total reservation of rights in this matter includes the right to file a declaratory judgment action with respect to the coverage issues present in this claim. Please be advised that if [Transcontinental] files a declaratory judgment action it will seek repayment of defense costs should [it] prevail in its declaratory judgment action.
We trust you understand our position. If you should have any questions or comments on [our] position, please do not hesitate to call.
Apparently, Jim Black did not question or comment on Transcontinental's reservation of rights letter and, in fact, accepted Transcontinental's defense using agreed-upon counsel.
Sending a reservation of rights letter and appointing mutually agreeable defense counsel is an appropriate action when an insurance company disputes coverage. Id. at 1037. Jim Black agreed to defense counsel and accepted the defense provided; thus, Jim Black "necessarily agreed to the terms" on which Transcontinental extended its offer to provide a defense. See id. at 1036. Transcontinental provided a defense for claims that were clearly not covered by its policy with Jim Black. Transcontinental did not bargain for these costs and has not been paid premiums to defend uncovered claims. See id. at 1038. Similar to the insured in Colony Insurance Co., Jim Black is "no worse off than if it had itself retained the lawyer" whom Transcontinental and Jim Black agreed should defend Pompanette's claim. See id. at 1039. Now that it has been determined that Transcontinental never had a duty to defend, Transcontinental is entitled to reimbursement. See id. Therefore, we affirm.
Affirmed.
DAVIS and STRINGER, JJ., Concur.