[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15022

_____

D.C. Docket No. 05-60101-CV-FAM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2009
THOMAS K. KAHN
CLERK

LISA KAHANE,

Plaintiff-Appellant,

versus

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 30, 2009)

Before TJOFLAT, BLACK, and COX, Circuit Judges.

COX, Circuit Judge:

In this appeal, we consider whether a Plaintiff who agreed to stay litigation

brought pursuant to the Employee Retirement and Income Security Act (ERISA), 29

U.S.C. § 1132(a)(1)(B), and participate in a voluntary claim reassessment process with a Defendant insurer, is entitled to recover attorney's fees for work done in that process. We conclude that the claim reassessment process at issue in this appeal is substantially similar to the pre-litigation administrative proceedings required by ERISA. Because we conclude that attorney's fees and costs are not recoverable for pre-litigation administrative procedures under 29 U.S.C. § 1132(g)(1), they are not available for this claim reassessment process. We also conclude that the district court did not abuse its discretion in limiting the amount of the Plaintiff's recovery of attorney's fees and costs for preparation of the motion for fees and costs.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In response to Plaintiff Lisa Kahane's claim for disability benefits under a long term disability policy issued by UNUM Life Insurance Company of America ("UNUM"), UNUM determined that Kahane was disabled, but that benefits due her under the policy were limited to twenty-four months of payments because her disability was based on self-reported symptoms or a mental or nervous condition. Kahane appealed UNUM's determination through UNUM's internal appeals process. In response to Kahane's appeal, UNUM adhered to its original decision.

Kahane filed a complaint in district court against UNUM pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B). Kahane alleged that UNUM had wrongfully limited the term of disability benefits to which she was due. The complaint contained a claim for attorney's fees and costs as authorized by ERISA, 29 U.S.C. § 1132(g)(1).

Before Kahane sued UNUM, UNUM and several other disability insurance companies entered into a settlement agreement with the U.S. Department of Labor and the insurance regulators of forty-nine states. As a part of that settlement agreement, UNUM was required to offer claimants like Kahane the opportunity to have their claims revisited through a claim reassessment process. In that process, the insurer would conduct a review of the original claim and any additional information provided to the insurer by the claimant to determine whether the original claim decision was proper.

Shortly after Kahane filed her complaint, she received a letter from UNUM offering her the option of pursuing her claim through the claim reassessment process. That letter stated:

> You are under no obligation to participate in the Claim Reassessment process. . . .
> If you have already commenced legal action relating to your prior claim(s) decision, please provide a copy of this letter to your attorney as soon as possible so that he or

she might advise you concerning the alternatives. If, after consulting with your attorney, you decide to participate in the reassessment, you will need to agree to take such action as is necessary to seek to stay such litigation pending the outcome of the reassessment process. . . . As to any portion of a prior [claim] denial that is reversed or changed and you have agreed to withdraw the action as described above, the Company will attempt to reach agreement with you regarding the payment of any reasonable attorney's fee to which you may be entitled under law, and if we are unable to reach such an agreement, you will not be prejudiced from pursuing such fees in a court of law.

(R.1-8, Ex. A at 1-2.)

Before UNUM answered the complaint, Kahane agreed to have her claim revisited in the claim reassessment process. On Kahane's motion, the district court stayed the litigation. Kahane's lawyers represented her in the claim reassessment process, marshaling facts and legal theories relevant to her claim and communicating with UNUM on Kahane's behalf.

As a result of the claim reassessment process, UNUM agreed to reinstate payment of Kahane's benefits retroactively. All of Kahane's claims against UNUM, with the exception of her claim for attorney's fees and costs, were resolved. Kahane voluntarily dismissed all of the resolved claims but moved the district court for an award of all attorney's fees and costs she incurred in the matter.

4

A magistrate judge considered Kahane's motion initially. The magistrate judge recommended that the motion be granted in part and denied in part. The magistrate judge recommended that Kahane receive fees and costs for the work done in the litigation (prior to the stay) but found that Kahane should not recover fees and costs for the work done in the claim reassessment process (during the stay). (R.2-36 at 8-9.) The magistrate judge also recommended awarding fees and costs for preparation of the motion seeking fees and costs (after the stay was lifted) but found that the number of hours expended was unreasonable and therefore recommended limiting the number of hours for which fees would be awarded. (*Id.* at 11.) The district court adopted the magistrate judge's report and recommendation and entered judgment for Kahane in the amount of $8,688.50. Kahane appeals.

## II. CONTENTIONS OF THE PARTIES

Kahane argues that she is entitled to attorney's fees and costs for all of her attorney's work on the matter, including the work done in the claim reassessment process and all of the time claimed for preparation of the motion for attorney's fees and costs. She argues that the district court erred in holding that ERISA does not authorize recovery of fees for the claim reassessment process.

5

UNUM defends the judgment, arguing that the district court did not abuse its discretion in limiting the award because fees and costs awarded under ERISA are limited to those fees and costs incurred in an action before a court, and the claim reassessment process was not part of such an action. UNUM also argues that the district court did not abuse its discretion in limiting the fees and costs awarded for work on the motion for attorney's fees and costs.

## III.  ISSUES ON APPEAL

We consider whether the district court abused its discretion by denying Kahane's claim for fees and costs incurred during the claim reassessment process or by limiting the amount of fees and costs awarded for preparation of the motion for attorney's fees and costs.

## IV.  STANDARD OF REVIEW

We review awards of attorney's fees and costs for abuse of discretion, revisiting questions of law de novo and reviewing findings of fact for clear error. *Atlanta Journal & Constitution  v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1287 (11th Cir. 2006).  An error of law is an abuse of discretion. *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000).

## V.  DISCUSSION

The statutory provision under which Kahane claims entitlement to attorney's fees and costs states:

> In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

29 U.S.C. § 1132(g)(1).

By adopting the magistrate judge's report and recommendation, the district court held that Kahane should not recover for fees and costs incurred during the claim reassessment process because the work done during that process did not further the ERISA litigation.  Kahane argues that, because her attorneys represented her in the claim reassessment process after she filed an action under ERISA, the statutory language quoted above authorizes a fee award for work done in that process.  She argues that the term "action" in the statute should be construed broadly to authorize an award of fees and costs for all work done after an ERISA complaint is filed, even if that work is not performed in furtherance of traditional litigation.

UNUM responds that at least one other court of appeals has interpreted the term "action" in the ERISA fee statute to mean litigation before a court only.  *See*

*Cann v. Carpenters' Pension Trust Fund*, 989 F.2d 313, 315-17 (9th Cir. 1993) ("We construe [§ 1132(g)(1)] as limiting the award to fees incurred in the litigation in court."). UNUM urges us to adopt the same reading of the statute.

We are mindful that the Supreme Court has, in other contexts, said that "[W]here administrative proceedings are intimately tied to the resolution of the judicial action and necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded." *Sullivan v. Hudson*, 490 U.S. 877, 888, 109 S. Ct. 2248, 2256 (1989) (considering fee award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (1982 ed., Supp. V)). Therefore, we decline UNUM's invitation to hold that the term "action" in 29 U.S.C. § 1132(g)(1) must mean only those proceedings before a court. We save for another day the question of whether administrative proceedings other than pre-litigation administrative proceedings can support an award of fees under ERISA.

Nonetheless, for the reasons discussed below, we hold that the claim resolution process in which Kahane and UNUM engaged is not an administrative proceeding that should be considered part of the judicial action for which fees may be awarded. We first examine the nature of the proceeding at issue in this case and conclude that

it is analogous to a pre-litigation administrative proceeding. And, we conclude that attorney's fees incurred in pre-litigation administrative proceedings are not recoverable under ERISA, 29 U.S.C. § 1132(g)(1).

In this case, the claim reassessment process in which Kahane and UNUM engaged closely resembles pre-litigation administrative proceedings. While it was initiated after Kahane's ERISA complaint was filed, Kahane does not dispute that the claim reassessment process would have been available to her even if she never filed a lawsuit. The district court did not remand Kahane's case for further administrative action or order the parties to engage in the claim reassessment process as a prerequisite to the court's resolution of the lawsuit or entry of judgment. Kahane's ERISA lawsuit was stayed voluntarily during the claim reassessment process. Put plainly, the claim reassessment process was a redo of the first administrative appeal. It was a reevaluation of Kahane's claim for benefits, performed by the insurer, without the involvement of a third-party adjudicator, during a voluntary stay of court proceedings. Kahane chose to be represented by counsel, but counsel was not required.

We are mindful that pre-litigation administrative proceedings are an important prerequisite to lawsuits brought under ERISA. "It is well-established law . . . that

plaintiffs in ERISA cases must . . . exhaust available administrative remedies under their ERISA-governed plans before they may bring suit in federal court." *Springer v. Wal-Mart Assocs.' Group Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990). In the case of insurance claims, exhaustion of administrative remedies often involves an appeal of a claim denial to the insurer. The parties to this appeal do not dispute that Kahane satisfied ERISA's administrative exhaustion requirement when, prior to filing her ERISA complaint, she unsuccessfully appealed to UNUM regarding its decision to place a time limit on the benefits paid her.

This court has not decided previously the question of whether ERISA provides for an award of attorney's fees and costs incurred in pre-litigation administrative proceedings. However, six other circuit courts of appeals have considered the question. All six have determined that, as a matter of law, ERISA does not provide for such an award. *See Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 313 (3d Cir. 2008) ("[T]he fees incurred during administrative proceedings prior to filing suit are unavailable under 29 U.S.C. § 1132(g)(1)."); *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1011 (8th Cir. 2004) ("[T]he term 'any action' in 29 U.S.C. § 1132(g)(1) does not extend to pre-litigation administrative proceedings."); *Rego v. Westvaco Corp.*, 319 F.3d 140, 150 (4th Cir. 2003) ("[H]ere

we agree with our sister circuits that have held ERISA attorney's fees to be categorically unavailable for expenses incurred while exhausting administrative remedies."); *Peterson v. Cont'l Cas. Co.*, 282 F.3d 112, 121 (2d Cir. 2002) ("ERISA authorizes the award only for fees incurred in relation to a suit filed in a court of competent jurisdiction. Therefore, [the Plaintiff] may not collect fees incurred during the initial administrative process."); *Anderson v. Procter & Gamble Co.*, 220 F.3d 449, 455 (6th Cir. 2000) ("[Section] 1132(g)(1) should not be interpreted to permit fee awards for legal expenses incurred in the course of exhausting administrative remedies."); *Cann*, 989 F.2d at 316 ("We construe [§ 1132(g)(1)] as limiting the award to fees incurred in the litigation in court.").

We join these other circuits in holding that § 1132(g)(1) does not authorize awards for work done in pre-litigation administrative proceedings. We do so for the reason stated by the Fourth Circuit, namely, by requiring the exhaustion of administrative remedies, it was Congress's "'desire not to create a system that is so complex that administrative costs, or litigation expenses, unduly discourage employers from offering welfare benefits plans in the first place.'" *Rego*, 319 F.3d at 150 (quoting *Varity Corp. v. Howe,* 516 U.S. 489, 497, 116 S. Ct. 1065, 1070 (1996)). To provide for fee awards in pre-litigation administrative proceedings

11

would inject attorneys into those proceedings as a matter of course and "could severely undermine the congressional purpose . . . ." *Id.* It is for that reason that we conclude, as have the Sixth and Eighth circuits, that ERISA pre-litigation administrative proceedings are not administrative proceedings "so intimately connected with judicial proceedings as to be considered part of the 'civil action' for purposes of a fee award." *Sullivan*, 490 U.S. at 892, 109 S. Ct. at 2258. *See Parke*, 368 F.3d at 1011; *Anderson*, 220 F.3d at 453-54.

The claim reassessment process at issue in this appeal is not significantly different than the pre-litigation administrative procedures required by ERISA. Because attorney's fees and costs are not available for those pre-litigation administrative proceedings, the district court properly held that attorney's fees and costs are not available to Kahane for work done during the claim reassessment process.

Considering Kahane's other argument on appeal, we find no abuse of discretion in the district court's limitation of the award of attorney's fees and costs associated with preparation of the motion for fees and costs. In adopting the magistrate judge's report and recommendation, the district court awarded fees for all of the 5.25 hours of attorney work done in the litigation, aside from the work on the fee application.

(R.2-36 at 11.) As discussed above, we find no error in that award. Kahane's motion sought fees for an additional 26.25 hours of work on the fee application alone. (*Id.*) We are cognizant, as were the magistrate judge and district court, that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941 (1983). Given the disparity between the time spent on litigation other than the fee application and the time spent seeking fees and costs, we find no abuse of discretion in the district court's determination that an award of all of the fees and costs sought for preparation of the motion would be unreasonable and that an award of fees for 13.5 hours of work done on the motion is adequate.

## VI. CONCLUSION

We hold that the claim reassessment process at issue in this appeal is substantially similar to the pre-litigation administrative procedures required by ERISA. We also hold that attorney's fees and costs for pre-litigation administrative procedures are not recoverable under 29 U.S.C. § 1132(g)(1) and thus are also not recoverable for the claim reassessment process. The district court's judgment is affirmed.

AFFIRMED.