SWANSON, J.
 

 Appellant seeks review of a summary final judgment entered for appellee after the trial court found appellee had no duty to defend appellant in a personal injury action that fell within the automobile exclusion of the parties’ commercial general liability policy. Because we agree with appellant that the complaint in the personal injury action alleged facts that fairly brought the suit outside the automobile exclusion, we reverse the summary final judgment and remand for further proceedings.
 

 Appellant, a limited liability company owned by John and Dorothy Sims and located in Pensacola, purchased a commercial general liability policy from appel-lee for one year commencing on June 1, 2007, and ending on June 1, 2008. In the summer of 2007, appellant was hired by Young’s General Contracting to supervise subcontractors and their crews performing cleanup operations in New Orleans following Hurricane Katrina. One of these subcontractors was Colonel McCrary Trucking, which performed certain transportation-related services at the project site. Joe Johnson, an employee of Colonel McCrary Trucking, worked at the site. On July 11, 2007, while driving a pickup truck owned by R.D. Construction (a subcontractor of Colonel McCrary Trucking), Johnson ran a stop light in Alabama and struck a car occupied by the Stewart family, severely injuring three family members.
 

 The Stewart family subsequently filed a complaint in Alabama state court against several defendants, including Joe Johnson, R.D. Construction, Colonel McCrary Trucking, Young’s General Contracting, and appellant, for “Negligence and/or Wantonness,” Negligent and/or Wanton Hiring,” “Negligent and/or Wanton Training,” “Negligent and/or Wanton Supervision,” and “Negligent/Wanton En-trustment.” In particular, the complaint contained the following general allegation:
 

 37. Defendant Joe Edward Johnson was driving a truck owned by defendant R.D. Construction at the time of the wreck and prior to the wreck and was an employee of Colonel McCrary Trucking at the time of the wreck. Defendant Joe Edward Johnson was operating said vehicle with permissive use on behalf of Colonel McCrary Trucking and for the benefit and economic well being of all of the defendants.
 

 In addition, the complaint alleged as to each count that “Joe Edward Johnson was hired by or under the direction, control and supervision of John Sims and/or Dorothy Sims who are major shareholders and/or managers of’ appellant.
 

 Shortly thereafter, appellant sought a legal defense and indemnity from appellee. After reviewing the claim, appellee denied a defense and indemnity based on the fol
 
 *23
 
 lowing exclusion contained in the insurance policy:
 

 This insurance does not apply to:
 

 g. Aircraft, Auto or Watercraft “Bodily injury” or “property damage” arising out of the ownership, maintenance, use or entrustment to others of any aircraft, “auto” or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and “loading or unloading.” This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by the insured, if the “occurrence” which caused the “bodily injury” or “property damage” involved the ownership, maintenance, use or entrustment to others of any aircraft, “auto” or watercraft that is owned or operated by or rented or loaned to any insured.
 

 Appellant then retained counsel at its own expense and eventually consented to a judgment of six million dollars in the Alabama lawsuit.
 

 Appellant also filed a complaint in Florida seeking a declaratory judgment that the insurance policy issued by appel-lee provided coverage to appellant in the Alabama lawsuit. Appellee moved for summary judgment on the ground that appellant was not entitled to a defense or indemnity due to the automobile exclusion contained in the policy. Appellant responded that the automobile exclusion did not apply because the claims against appellant did not arise out of “the ownership, maintenance, use or entrustment to others” of any automobile “owned or operated by or rented or loaned to any insured.” The trial court granted appellee’s motion and entered summary final judgment for appellee. This appeal follows.
 

 At the outset, we acknowledge that an insurer’s duty to defend is distinct from, and broader than, its duty to indemnify and is to be determined solely by the allegations in the complaint.
 
 Colony Ins. Co. v. G & E Tires & Serv., Inc., 777
 
 So.2d 1034, 1036-37 (Fla. 1st DCA 2000);
 
 Grissom, v. Commercial Union Ins. Co.,
 
 610 So.2d 1299, 1306-07 (Fla. 1st DCA 1992). The duty to defend arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage even if the facts alleged are actually untrue or the legal theories are unsound.
 
 State Farm Fire & Cas. Co. v. Higgins,
 
 788 So.2d 992, 995-96 (Fla. 4th DCA 2001),
 
 approved,
 
 894 So.2d 5 (Fla.2004).
 
 Accord Colony Ins. Co., 777
 
 So.2d at 1037;
 
 Grissom,
 
 610 So.2d at 1307. If the complaint alleges facts partially within and partially outside the coverage of the policy, the insurer is obligated to defend the entire suit.
 
 Colony Ins. Co., 777
 
 So.2d at 1037;
 
 Grissom,
 
 610 So.2d at 1307. Any doubts as to whether there is a duty to defend in a particular case must be resolved against the insurer and in favor of the insured.
 
 Colony Ins. Co., 777
 
 So.2d at 1037;
 
 Grissom,
 
 610 So.2d at 1307.
 

 Appellant claims the trial court erred in entering summary judgment for appellee upon finding appellee had no duty to defend appellant because the personal injury action in Alabama fell within the automobile exclusion of the policy. Because they tend to limit or avoid liability, exclusionary clauses are construed more strictly than coverage clauses.
 
 Psychiatric Assocs. v. St. Paul Fire & Marine Ins. Co.,
 
 647 So.2d 134, 138 (Fla. 1st DCA 1994). By its own terms, the exclusionary clause in this case did not apply to all claims arising out of the ownership, maintenance, use or entrustment to others of any automobile, but only to such claims
 
 *24
 
 involving automobiles “owned or operated by or rented or loaned to any insured.” The policy defined “insured” as including appellant and its employees. Accordingly, appellant correctly argues the automobile exclusion did not apply in this case because the complaint alleged the pickup truck involved in the collision was owned by R.D. Construction (not appellant) and operated by Joe Johnston, an employee of Colonel McCrary Trucking (not appellant), and there was no allegation the truck was rented or loaned to appellant.
 
 See Scottsdale Ins. Co. v. Subscription Plus, Inc.,
 
 299 F.3d 618, 620 (7th Cir.2002).
 

 However, appellee notes the complaint also alleged that Joe Johnson “was hired by or under the direction, control and supervision of John Sims and/or Dorothy Sims who are major shareholders and/or managers of’ appellant. According to appellee, this alleged that Johnson was an employee of appellant, rendering him an insured under the policy and triggering the automobile exclusion. While this allegation might acknowledge a more generalized principal-agent relationship between appellant and Johnson, there is nothing that explicitly indicates the existence of an employer-employee relationship, especially in light of the complaint’s earlier allegation that Johnson was an employee of Colonel McCrary Trucking. Based upon our review of the allegations in the complaint after resolving all doubts in favor of appellant as the insured, we conclude the trial court erred in finding that appellee had no duty to defend based upon the automobile exclusion.
 

 To the extent appellee argued below that appellant did not intend to purchase automobile liability coverage from appellee and could not reasonably expect coverage from appellee for a claim arising out of an automobile collision, we observe that the doctrine of reasonable expectations has been rejected by Florida courts and cannot be applied where there is no ambiguity in the contract.
 
 See Deni Assocs. of Fla., Inc. v. State Farm Fire & Cas. Ins. Co., 711
 
 So.2d 1135, 1140 (Fla. 1998). Furthermore, to the extent appel-lee argues on appeal that the summary judgment should be affirmed because (1) the accident occurred outside the geographic scope of coverage and (2) the doctrines of judicial and equitable estoppel precluded appellant from arguing that the automobile exception did not apply, we agree with appellant that those defenses could not be asserted for the first time in appellee’s answer brief.
 
 Am. States Ins. Co. v. McGuire,
 
 510 So.2d 1227, 1229-30 (Fla. 1st DCA 1987).
 
 See also Coastal Masonry, Inc. v. Gutierrez,
 
 30 So.3d 545, 549 n. 3 (Fla. 3d DCA 2010).
 

 In conclusion, because the complaint in the personal injury action against appellant alleged facts that fairly brought the suit outside the automobile exclusion, we reverse the trial court’s summary final judgment for appellee and remand for further proceedings consistent with this opinion. In doing so, we note where a liability insurer has notice of a proceeding against its insured and is afforded an opportunity to appear and defend, a judgment rendered against the insured, in the absence of fraud or collusion, is conclusive against the insurer as to all material matters determined therein.
 
 Gallagher v. Dupont,
 
 918 So.2d 342, 348 (Fla. 5th DCA 2005).
 

 REVERSED and REMANDED.
 

 BENTON, C.J., and VAN NORTWICK, J., concur.