[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

13-12590

_____

D.C. Docket No. 8:09-cv-01081-EAK-TGW

CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S, LONDON,

Plaintiff-Appellee,

versus

EDITH HALIKOYTAKIS, D/B/A HALI PLAZA,
and

MICHAEL HALIKOYTAKIS, D/B/A HALI PLAZA,

Defendant-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 20, 2014)

Before WILSON and JORDAN, Circuit Judges, and ROTHSTEIN,[*] District Judge.

PER CURIAM:

Following review of the record, and with the benefit of oral argument, we affirm the district court's grant of attorneys' fees and costs to Plaintiff-Appellee Certain Interested Underwriters at Lloyd's London ("Underwriters"). We review awards of attorneys' fees and costs for abuse of discretion. *Kahane v. UNUM Life Ins. Co. of Am.*, 563 F.3d 1210, 1213 (11th Cir. 2009). We conclude that Underwriters was entitled to reimbursement for attorneys' fees and costs incurred in defending Defendant-Appellants Michael and Edith Halikoytakis (hereinafter "Hali Plaza"), and that the district court did not abuse its discretion in awarding Underwriters a full reimbursement of all fees and costs incurred.

Underwriters insured Hali Plaza. In December 2008, Underwriters began defending Hali Plaza against a personal injury claim in Florida state court. Early in the litigation Underwriters sent Hali Plaza a letter reserving the right to seek reimbursement if it was later determined that Underwriters owed no coverage under the insurance policy. Though the letter requested a signature, Hali Plaza did not sign the letter or return it to Underwriters. Underwriters continued to defend

---

[*] Honorable Barbara Jacobs Rothstein, United States District Judge for the District of Columbia, sitting by designation.

Hali Plaza for over two years, paying all costs and attorneys' fees associated with the state court action.

In June 2009, Underwriters brought an action in the United States District Court for the Middle District of Florida seeking a declaratory judgment that Underwriters had no duty to defend or indemnify Hali Plaza. The district court granted declaratory judgment, Hali Plaza appealed, and this Court affirmed. Underwriters then moved for reimbursement of fees and costs, which the district court granted.

Federal courts sitting in diversity look to state law in determining whether a liability insurer can recover fees and costs. *See Nationwide Mut. Fire Ins. Co. v. Royall*, 588 F. Supp. 2d 1306, 1316 (M.D. Fla. 2008). Under Florida law, a liability insurer that has reserved the right to seek reimbursement is entitled to recover fees and costs once it is determined that the insurer has no duty to defend. *See Colony Insurance Co. v. G & E Tires & Service, Inc.*, 777 So. 2d 1034, 1038–39 (Fla. 1st DCA 2000); *Jim Black & Assocs., Inc. v. Transcontinental Ins. Co.*, 932 So. 2d 516, 518 (Fla. 2d DCA 2006).[1] Underwriters defended Hali Plaza for over two years. When Hali Plaza "accept[ed] the defense," it "necessarily agreed to the terms on which [Underwriters] extended the offer," including the reservation of

---

[1] Because the Florida District Courts of Appeals have addressed and clarified this issue of state law, Hali Plaza's motion to certify various questions to the Florida Supreme Court is denied. *See McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002).

rights. *Colony*, 777 So. 2d at 1036; *see also Jim Black*, 932 So. 2d at 518; Restatement (Second) of Contracts § 69(1)(a) (1981) (a contract is accepted "[w]here an offeree takes the benefit of offered services with reasonable opportunity to reject them and reason to know that they were offered with the expectation of compensation"). Therefore, Underwriters was entitled to reimbursement, and the district court did not err in granting the motion.

Furthermore, the district court did not abuse its discretion or commit clear error in setting the amount at the full reimbursement. Under the terms of the reservation of rights, to which Hali Plaza assented by accepting two years of attorney services, Underwriters was entitled to seek the full amount. *See Colony*, 777 So. 2d at 1039 ("[the insured] ought in fairness make [the insurer] whole").

**AFFIRMED.**

4