[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13603

Non-Argument Calendar

_____

CHABAD OF KEY BISCAYNE, INC.,

Plaintiff-Appellant,

*versus*

SCOTTSDALE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-24043-DPG

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Chabad of Key Biscayne appeals the district court's grant of Scottsdale Insurance Company's motion for summary judgment. Chabad had brought suit after Scottsdale refused to pay more than $5000 in damages for Chabad's loss of $247,584.74 from water damage.

Chabad filed a claim under its all-risks commercial policy with Scottsdale after "a drain or sewer pipe broke due to wear and tear, deterioration, and settling, and water accidentally discharged or leaked causing damage." Scottsdale denied the claim under the general water damage exclusion but offered $5000 under the "Water Backup or Overflow of Sewers and Drains" extension.

The all-risks policy contains an exclusion for damages caused by water:

B. Exclusions

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

. . .

g. Water

22-13603                 Opinion of the Court                 3

(1) Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);

. . .

(3) **Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment**;

(4) Water under the ground surface pressing on, or flowing or seeping through:

(a) Foundations, walls, floors or paved surfaces;

(b) Basements, whether paved or not; or

(c) Doors, windows or other openings; or

. . .

This exclusion applies regardless of whether any of the above, in Paragraphs (1) through (5), is caused by an act of nature or is otherwise caused.

Doc. 17-1 at 92-93.   Scottsdale relied on subsection (3).

The policy also includes an exclusion for damages caused by wear and tear (B.2.d.(1)) but includes the following caveat: **"But if an excluded cause of loss that is listed in 2.d.(1) through (7) results in a 'specified cause of loss' . . ., we will pay for the loss or damage caused by that 'specified cause of loss'."** *Id.* at 94. The policy defines "specified cause of loss" (G.2.) to include water damage and defines water damage (G.2.c.) as:

(1) Accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of a plumbing, heating, air conditioning or other system or appliance (other than a sump system including its related equipment and parts), that is located on the described premises and contains water or steam; and

(2) Accidental discharge or leakage of water or water-borne material as the direct result of the breaking apart or cracking of a water or sewer pipe caused by wear and tear, when the pipe is located off the described premises and is connected to or is part of a potable water supply system or sanitary sewer system operated by a public or private utility service provider pursuant to authority granted by the state or governmental subdivision where the described premises are located.

*Id.* at 101. The definition continues:

**But water damage does not include loss or damage otherwise excluded under the terms of the Water Exclusion.**

. . .

**To the extent that accidental discharge or leakage of water falls within the criteria set forth in c.(1) or c.(2) of this definition of "specified causes of loss," such water is not subject to the provisions of the Water Exclusion which preclude coverage for surface water or water under the surface of the ground.**

*Id.* Finally, the policy contained an endorsement that defined "drain" and "sewer:"

> 1. "Sewer" means any underground pipe, channel or conduit for carrying water, wastewater or sewage on or away from the premises described in the Declarations;
>
> 2. "Drain" means any pipe, channel or conduit for carrying water, wastewater or sewage on or away from the premises described in the Declarations to a "sewer."

*Id.* at 117.

The parties and the district court refer to B.1.g.(3) (see bold type above) as the Water Exclusion.  They also refer to the caveat to the B.2.d.(1) Wear and Tear Exclusion (quoted in bold above) and the two provisions of the definitions of "specified cause of loss" and "water damage" (quoted above in bold) as the Water Damage Exception to the Water Exclusion.

After agreeing with the parties that B.1.g.(3) of the Water Exclusion excluded the damage at issue, the district court found that the Water Damage Exception did not apply.  The court found that the Water Damage Exception applied only to surface water (B.1.g.(1)) or to water under the surface of the ground (B.1.g.(4)), while Chabad's damage fell under damage from sewer or drain backup or overflow (B.1.g.(3)). It cited several other district court decisions that had interpreted the same contract language the same way.  Finally, it distinguished a Florida case, *Cheetham v. Southern Oak Insurance Co.*, 114 So.3d 257 (Fla. 3d DCA 2013), and a case

from this court, *Cameron v. Scottsdale Insurance Co.*, 726 F. App'x 757 (11th Cir. 2018), because neither of the policies in those cases included the definition of drain and sewer found in the Endorsement in the policy here.

Florida substantive law applies because we are sitting in diversity. *Admiral Ins. Co. v. Feit Management Co.*, 321 F.3d 1326, 1328 (11th Cir. 2003). Under Florida law, the interpretation of an insurance policy is a question of law for the court. *Penzer v. Transportation Ins. Co.*, 29 So.3d 1000, 1005 (Fla. 2010). As a general rule, clear and unambiguous policy terms should be given their plain, ordinary and generally accepted meaning. *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So.2d 528, 532 (Fla. 2005). When applying the "plain meaning" rule, courts must not construe insurance policy provisions in isolation, but instead should read all terms in light of the policy as a whole, with every provision given its full meaning and operative effect. *Auto–Owners Ins. Co. v. Anderson*, 756 So.2d 29, 34 (Fla. 2000). Finally, "[b]ecause they tend to limit or avoid liability, exclusionary clauses are construed more strictly than coverage clauses." *Category 5 Mgmt. Grp., LLC v. Companion Prop. & Cas. Ins. Co.*, 76 So. 3d 20, 23 (Fla. Dist. Ct. App. 2011) (citation omitted).

As the district court noted, Chabad agrees that the Water Exclusion (B.1.g.(3)) applies initially to exclude the loss. Chabad's only argument on appeal is that the Water Damage Exception operates as an exception to the Water Exclusion in B.1.g.(3), so as to save coverage.

22-13603                Opinion of the Court                7

We agree with the district court that there is no coverage here for the damage suffered.  The Water Exclusion bars coverage for water that backs up or is discharged from a sewer and the policy defines sewer and drain to mean "pipe, channel or conduit for carrying water, wastewater or sewage on or away from the premises." The Water Damage Exception applies to the Wear and Tear Exclusion and its language must be interpreted  through the lens of the provisions of the Wear and Tear Exclusion, including its exceptions. The exception explicitly states that it exempts from the Water Exclusion damage from surface water or water under the surface of the ground.  That corresponds to B.1.g.(1) and B.1.g.(4) of the policy.[1] But the parties agree that B.1.g.(3)—water discharged from a drain or sewer—is the exclusion at issue.  Because the exception to the exclusion at issue here does not apply, there is no coverage.[2]

---

[1] See the Water Damage Exception quoted in bold type above: "such water is not subject to the provisions of the Water Exclusion which preclude coverage for surface water [B.1.g.(1)] or water under the surface of the ground [B.1.g.(4)]."

[2] Contrary to Chabad's arguments, the exception is not illusory.  The exception actually operates as an exception to the exclusions for surface water and for water under the surface of the ground when a pipe (either offsite or within the premises) breaks due to wear and tear.  Further, Chabad's reliance on *Cheetham* is misplaced because, although the court interpreted a similar (but not the same) policy, the court held that language in a water exclusion similar to B.1.g.(3) in our case applied only to "damage caused by water originating from somewhere other than the residence premises' plumbing system."  114 So. 3d at 263.  Chabad in this case does not argue that the Water Exclusion does not apply because the water originated from within its own plumbing system.  Also, as the district court found, *Cheetham* is distinguished because it

AFFIRMED

---

did not include the definition in this case of "sewer" and "drain" pipes (which clearly encompass pipes both on- and off-premises) and, unlike this case, did not include the "Water Backup or Overflow of Sewers and Drains" extension of coverage (which clearly contemplates that the Water Exclusion in B.1.g.(3) would apply to exclude coverage but then adds back such coverage with a $5000 limit). In any event, Chabad has acknowledged in this case that B.1.g.(3) would apply to exclude coverage unless the exception applies to save coverage, thus making the holding of *Cheetham* irrelevant for this case.