ROBERT ARMSTRONG, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A charge by the trial judge that "when insanity is set up as a defence in a criminal case, it must be established to the satisfaction of the jury by a preponderance of the evidence, and a reasonable doubt of the descendant's sanity, raised by all the evidence, does not justify an acquittal," is erroneous.

2. In criminal cases where the plea of insanity is set up as a defence, and evidence is introduced which tends to rebut the presumption of sanity on the part of the accused, and the jury entertain a reasonable doubt, after considering all the evidence as to his sanity, it is their duty to acquit him.

3. The case of Hodge vs. State, 7 So. Rep., 593, on this subject, approved and followed.

Writ of Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*Frank W. Pope* for Plcintiff in Error.

*The Attorney-General* for Defendant in Error.

MABRY, J.:

The plaintiff in error, Robert Armstong, was indicted in the Duval Circuit Court on the 8th day of May, A. D. 1890, for the murder of Carleton Lowe. After arraignment under this indictment, and a plea of not guilty, the plaintiff in error was, at a term of the Circuit Court of Duval county, Florida, and on the 14th day of May, A. D. 1890, convicted of murder in the first degree and the sentence of death was passed upon him. From the final judgment of the court imposing the death penalty, Robert Armstrong, defendant below, and plaintiff in error here, prosecutes a writ of error to this court.

The record reveals the fact that Carleton Lowe was, on the 26th day of February, 1890, about the hour of 9 o'clock p. m., in the city of Jacksonville, Duval county, Florida, shot and instantly killed by the accused, Robert Armstrong. On the trial testimony was introduced which tended to show that Armstrong was

insane at the time Carleton Lowe was killed. On the subject of insanity the trial judge charged the jury as follows : · " When insanity is set up as a defence in a criminal case, it must be established to the satisfaction of the jury by a preponderance of the evidence, and a reasonable doubt of the defendant's sanity raised by all the evidence does not justify an acquittal." Again: " When insanity is set up as a defence in a criminal case, it must be proved by a preponderance of evidence, a reasonable doubt on your part as to the sanity of the defendant is not sufficient ; to be acquitted under the plea of insanity, the defendant must prove his sanity by a preponderance of evidence." The court gave to the jury other instructions on the subject of insanity, but the sufficiency of evidence required to sustain a plea of insanity presented in the foregoing charges was not modified by the court in any other instructions given. The view of the law presented by the trial judge on the subject of insanity was, that under a plea of insanity the defendant must prove by it a preponderance of evidence, and is not entitled to the benefit of a reasonable doubt as to his insanity arising from all the evidence introduced on the trial. This court has recently, in the case of Hodge vs. State, 26 Fla., 11 ; 7 So. Rep., 593, decided in June, 1890, announced the rule on this subject in force in this State. The decision in the Hodge case, it may be stated, had not been promulgated when the plaintiff in error was tried. In this case it is said by Judge Mitchell, in delivering the opinion of the court, that "the rule of evi-

dence contended for in behalf of the accused is, that when the defence of insanity is relied upon, and evidence is introduced which tends to overthrew the presumption of sanity, if upon the whole evidence the jury entertain a reasonable doubt of his sanity, they must acquit, regardless of whether it be adduced by the prosecution or the defendant, and that the accused is not required to establish his insanity beyond a reasonable doubt ; and in this we think they are correct, and that the charge of the trial judge, that the accused was required to prove his insanity beyond a reasonable doubt, was erroneous." The more humane and advanced rule on this subject is that if the jury, upon a consideration of the entire evidence, have a reasonable doubt as to the insanity of a party charged with crime at the time of committing it, it is their duty to give him the benefit of such doubt, and acquit ; but the jury are to act upon a reasonable doubt of sanity in such cases, and are not to acquit upon any fanciful ground. The law as announced in the charges of the Judge to the jury in the case before us is directly in conflict with that declared by this court in the Hodge case. We think that case is based upon correct principles on the subject of insanity, and it controls absolutely the disposition of the present case.

In criminal cases where the plea of insanity is set up as a defence, and evidence is introduced which tends to rebut the presumption of sanity on the part of the

accused, and the jury entertain a reasonable doubt, after considering all the evidence, as to his sanity, it is their duty to acquit him.

There are other assignments of error in the record, but we do not deem it necessary to pass upon them. The judgment in this cause is reversed for the erroneous charges above mentioned given to the jury on the part of the Judge, and as to the other errors assigned we express no opinion.

The judgment of the Circuit Court is reversed, and the defendant ordered to remain in the custody of the law to await a trial *de novo*.