J. C. PENNEY COMPANY, INC., v. BLANCHE McLAUGHLIN, unmarried.

188 So. 785.
Division B.
Opinion Filed May 9, 1939.

*McKay, MacFarlane, Jackson & Ramsey,* for Plaintiff in Error;

*Shackleford, Farrior & Shannon,* for Defendant in Error.

PER CURIAM.—A writ of error was taken to a judgment awarding damages against the defendant for personal injuries to the plaintiff, defendant in error here.

The declaration herein alleges:

"That * * * defendant was engaged in business of selling goods and merchandise and in pursuance of said business maintained a store and place of business in the City of Tampa; that on said date, at to-wit: 10:00 o'clock in the forenoon, the plaintiff entered the defendant's said place of business to the end and for the purpose of purchasing certain merchandise from the said defendant, and after having made said purchases from the defendant, the plaintiff then entered that portion of defendant's premises wherein was situated a restroom and also a toilet room, which said rooms were maintained by the defendant for the use and convenience of its customers; that the entrance to the toilet room from the said restroom was by means of a door which was so located that it opened forward into the toilet room and in such manner as to cause it to come in contact with any person who might be emerging from the toilet most closely adjacent thereto; that by reason of the arrangement of said door and the manner

of its opening as aforesaid, it became and was the duty of the defendant to use due and reasonable care and caution to the end that the door might not be opened with such violence as to injure any person then emerging from the toilet above described; that notwithstanding its duty aforesaid, the defendant, acting by and through one of its servants, to-wit, Miss Boyette, which said servant was at said time and place acting within the scope of her employment in that she was proceeding to the said toilet room to use one of said toilets and in so doing negligently and carelessly opened a door leading from the restroom to the said toilet room with great force and violence and without any warning thereof at a time when the plaintiff was emerging from said toilet, and by reason of its carelessness and negligence aforesaid the door was caused to come into contact with the plaintiff's body with such force as to knock, throw, or cause the said plaintiff to fall upon the floor, which was of a hard surfaced material, and plaintiff alleges that as a proximate result of the aforesaid negligence of the defendant that she was severely bruised and injured." etc.

The defendant demurred to the declaration upon the grounds:

"First. No cause of action is stated against this defendant in any count of said declaration:

"Second. The averments of fact in each count of the declaration show a lack of negligence on the part of this defendant.

"Third. The averments of fact in each count show that the alleged servant of this defendant was not acting within the scope of her employment for this defendant at the time that the plaintiff received her alleged injuries."

The Court entered an order overruling said demurrer to the declaration.

The defendant filed three pleas to the declaration as follows:

"FIRST: That it is not guilty, and of this it puts itself upon the country.

"SECOND: Defendant denies that the servant of this defendant, who it is alleged opened the door described in the declaration. was acting for this defendant in the course of employment with this defendant when she opened the door leading to the toilet room described in the declaration.

"THIRD: Defendant denies that Miss Boyette. the servant of this defendant, who it is alleged opened the door described in the declaration, was acting for this defendant and in the course of her employment with this defendant when she opened the door leading to the toilet room described in the declaration."

In the trial the following was made a part of the record:

"It is admitted by counsel for the respective parties that plaintiff was injured in her fall to the floor and that the verdict of the jury was not excessive."

A motion for new trial was denied.

A corporation is a legal entity and necessarily can perform its authorized functions only through the agency of individual persons for whose unlawful or negligent acts in the performance of functions and duties within the scope of the employment or agency, the corporation is liable under the common law doctrine of respondent superior, as it exists in this State. There are also statutory liabilities of corporations which may not be applicable in this case.

Here the act of defendant's employee which is com-

plained of as having been negligently done, was incidental to and within the scope of the employment duties of the defendant's employee, for which the employer corporation is liable in damages.

The use of lavatories and toilets in retail mercantile houses for the convenience of customers and of employees engaged in such houses, are essential to modern business methods; and when furnished for convenient use to save time to employees in performing their duties in the buildings, such lavatories and toilets should be made reasonably safe in their use by customers and employees authorized to use them; and negligence in such use by employees resulting in injury to a customer lawfully using them without negligence, may render the employer liable in damages. See Cook v. Liggett, 27 Fla. 369, 173 So. 158; 71 C. J. 673.

The evidence warranted a finding that the employee was acting within the scope and contemplation of her employment when she pushed open the door which struck the customer; and there is evidence from which negligence in doing so may reasonably be inferred by the jury in rendering its verdict.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN. J. J., concur.

TERRELL, C J.. concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.