157 So.2d 871 (1963)
VIRGINIA D. BROWN, APPELLANT,
v.
DAN CAHILL, MAYFAIR IMPORTED MOTORS, INC., A FLORIDA CORPORATION, AND ASSOCIATES DISCOUNT CORPORATION, AN INDIANA CORPORATION DOING BUSINESS IN FLORIDA, APPELLEES.
No. 62-435.
District Court of Appeal of Florida, Third District.
July 2, 1963.
On Rehearing December 10, 1963.
*872 Ligman & Ferrara, Miami, James C. Shepherd, Coconut Grove, and Ligman, Shepherd & McCormick, Miami (on rehearing), for appellant.
Prebish & DuVal and John H. Gunn, Miami, for appellees.
Before BARKDULL, C.J., and CARROLL and TILLMAN PEARSON, JJ.
PEARSON, TILLMAN, Judge.
Virginia D. Brown, appellant, was the plaintiff in the trial court. Associates Discount Corporation, appellee here, was one of three defendants. The facts which gave rise to plaintiff's complaint are not in substantial conflict.
The plaintiff went to an automobile dealer, Mayfair Imported Motors, Inc., to purchase an automobile. The automobile that she purchased was a Volkswagen which was represented to her to be a new car. The automobile was financed through the defendant, Associates Discount Corporation, which purchased the executed contract from Mayfair. It was established that this was the usual method of doing business between Associates and Mayfair, and the forms for the transaction were furnished by Associates. In addition, Associates extended credit to Mayfair by a "floorplan" arrangement.
Subsequently, the plaintiff discovered that the automobile sold to her was not new. At the trial it was established that the same automobile had previously been sold by Mayfair to another purchaser, and the contract on the first sale had been purchased by Associates. The first purchaser wrecked the automobile; Associates repossessed it and resold it to Mayfair. Thereafter, the same automobile was sold to the plaintiff and financed as a new automobile. Plaintiff's complaint was for fraud, and at the trial of the cause she received a jury verdict of $2,500 compensatory damages and $7,500 punitive damages. The trial court, having reserved ruling on Associates' motion for directed verdict made at the end of all the evidence, granted the motion after verdict. A judgment for Associates was entered and this appeal followed.
It appears from the evidence (viewed as it must be in the light most favorable to the verdict for the plaintiff) that Associates had in their files a prior contract on the same automobile; and that the file of this prior sale showed that the car was wrecked, repossessed and resold to Mayfair. We consider the controlling question on this appeal to be whether these facts are sufficient to support a finding by the jury that the defendant, Associates, had knowledge of the fact that the same car which was later financed as a new car was not, in fact, a new car.
At the trial of the cause, Mayfair and the other defendant (a salesman for Mayfair) did not appear. Associates relied upon the testimony of its manager who testified that he had no personal knowledge of the fact that the plaintiff was sold a used car for a new one. He established that the automobile was financed in the regular routine upon the certification of Mayfair that it was a new automobile. He *873 further testified that records of his office did not contain facilities to permit the cross-checking of the automobile financed to see if it had previously been financed. It would appear to be appellee's position that under these conditions it is unreasonable to charge Associates with knowledge of the fact that the second sale was of a used automobile. We cannot agree because if an individual were to finance a car, repossess it, and resell it to a dealer, that individual would be charged with knowledge of his own acts. United States v. Fleming, 69 F. Supp. 252, 261 (N.D. Iowa C.D. 1946); and the law does not contemplate a different measure of responsibility for a corporation than for an individual. Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214; 10 Fletcher, Private Corporations § 4877 at 416 (1961 Revised Volume).
A corporation acts only through its agents and often acts through many different agents. At law it is held responsible for the acts of these agents. Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 433, 436; J.C. Penney Co., Inc. v. McLaughlin, 137 Fla. 594, 188 So. 785. Where, as here, the actions of the corporation all take place within a seven-month period, and all take place in the same office, under the reasoning set forth above the corporation should be held to the same standard of knowledge that would be applied to an individual. We therefore conclude that the evidence before the jury was sufficient to sustain the jury's finding that the defendant, Associates Discount Corporation, had knowledge of the misrepresentation which was made by the automobile dealer to the plaintiff.
When it is determined that there was a basis for the jury to find that the defendant, Associates, had knowledge of the condition of the car, then its action in again financing the car as a new car is evidence tending to prove active participation in the fraud of the seller, Mayfair. The weight of this evidence is increased by the close business association between the two defendants which is apparent from the record.
One additional matter must be dealt with. In his order granting defendant's motion for directed verdict, the trial judge recited that the motion was in the alternative in that the defendant moved not only for a judgment in accordance with its motion for directed verdict, but for a new trial. The court in its order found as follows:
"1. The verdict as to this defendant was contrary to the law.
"2. The verdict as to this defendant was contrary to the evidence.
"3. The verdict as to this defendant was contrary to the law and the evidence.
"4. The verdict as to this defendant was not in accord with the manifest weight of the evidence or with justice of the case.
"5. The verdict of $2,500.00 for compensatory damages returned against the defendant ASSOCIATES DISCOUNT CORPORATION, was so excessive as to shock and did shock the judicial conscience of the Court and was the result of the jury being unduly influenced by passion or prejudice.
"6. The verdict of $7,500.00 returned against the defendant ASSOCIATES DISCOUNT CORPORATION for punitive damages was so excessive as to shock and did shock the judicial conscience of the Court and was the result of the jury being unduly influenced by passion or prejudice.
"7. The verdict of the jury against the defendant ASSOCIATES DISCOUNT CORPORATION was as a result of bias, prejudice and improper influences."
We conclude that these findings constitute a holding that if the defendant is not *874 entitled to judgment upon its motion for directed verdict, it should be granted a new trial. With this holding we are in accord. A review of the record provides a basis for the court's finding that the damages are so excessive as to shock the conscience of the court. See King v. Jacksonville Coach Co., Fla.App. 1960, 122 So.2d 480. Accordingly, the judgment appealed is reversed and the cause is remanded for the entry of an order granting a new trial upon the issue of damages.
Reversed and remanded for a new trial.

ON REHEARING GRANTED
PER CURIAM.
We granted rehearing on the petition of the appellee Associates Discount Corporation (referred to hereinafter as Associates) and limited reargument to one ground of the petition which contended that a new trial on damages against Associates should be "confined to the issue of compensatory damages alone." After further consideration and hearing, we conclude that contention has merit.
Conduct for which punitive or exemplary damages are allowed was described in Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214, 221, where the Supreme Court said:
"* * * Exemplary damages are given solely as a punishment where torts are committed with fraud, actual malice, or deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others. * * *
* * *
"Exemplary or punitive (sometimes called vindictive) damages are assessable dependent on the circumstances showing moral turpitude or atrocity in the defendant's conduct in causing an injury that is wanton and malicious or gross and outrageous to such an extent that the measured compensation of the plaintiff should have an additional amount added thereto as `smart money' against the defendant, by way of punishment or example as a deterrent to others inclined to commit similar wrongs. They are peculiarly left to the discretion of the jury as the degree of punishment to be inflicted must always be dependent on the circumstances of each case, as well as upon the demonstrated degree of malice, wantonness, oppression, or outrage found by the jury from the evidence. * * *"
In the present case the fraud was perpetrated by the automobile dealer, the appellee Mayfair Imported Motors, Inc. and its employed salesman, the appellee Cahill. When called upon by the dealer to finance the transaction as a new car sale, Associates was shown to have in its office records of a prior sale of the car, of its financing thereof, and that the car had been repossessed by Associates and resold to the dealer. Those facts were ample to sustain the verdict which held Associates liable for the fraud engaged in by the dealer. This is so because Associates must be charged with knowledge of those matters relating to the automobile which its own files, if inspected, would have shown. But the record in this case fails to disclose evidence that Associates had actual knowledge of the fraud, or intentionally defrauded appellant, in conspiracy with the dealer as alleged or otherwise. The manifest weight of the evidence is to the contrary. In the absence of a showing that Associates knowingly or intentionally was a party to the fraud, its negligent conduct in financing the car as being new was not a willful or deliberate wrong, nor was it attended by actual malice or otherwise such a gross and wanton wrong as would justify the allowance of punitive damages. See Winn & Lovett Grocery Co. v. Archer, supra.
Accordingly, the direction in our opinion of July 2, 1963 for new trial on the issue of *875 damages against Associates is modified and amended to exclude punitive damages and to limit the directed new trial to the issue of compensatory damages.
It is so ordered.