CECILIA M. ALTONAGA, UNITED STATES DISTRICT JUDGE
*1271 THIS CAUSE came before the Court on Plaintiff, Atlantic Casualty Insurance Company's Renewed Motion for Summary Final Judgment ("Plaintiff's Motion") [ECF No. 47], filed September 17, 2018; and Defendant, Ca'D'Oro, LLC's Cross Motion for Partial Summary Judgment ("Defendant's Motion") [ECF No. 50], filed October 12, 2018. Defendant also filed a Response to Plaintiff's Motion concurrently with Defendant's Motion (see id. ), as well as a Reply ("Defendant's Reply") [ECF No. 59]. On October 24, 2018, Plaintiff filed a Response to [Defendant's Motion] and a Reply in Support of [Plaintiff's Motion] ("Plaintiff's Response") [ECF No. 57]. Both Plaintiff and Defendant have also included statements of material facts within their respective motions.[1] The Court has considered the parties' submissions, the record, and applicable law.
I. BACKGROUND
This is a coverage dispute between Plaintiff, an insurance company, and Defendant, its insured. On May 17, 2018, Clyde Salmon filed an amended complaint against Defendant and Alan Tibaldeo[2] in state court, seeking damages for injuries stemming from an automobile accident that occurred on May 29, 2015. (See Pl.'s Mot. 2; State Court Complaint [ECF No. 47-1] ). Salmon was injured when a car operated by Tibaldeo backed into him in the loading zone of the Jade Condominium in Sunny Isles, Florida. (See Pl.'s Mot. 2). The State Court Complaint alleges one claim for relief[3] against Defendant, and includes the allegation that Tibaldeo injured Salmon while "operating [a] vehicle in the course and scope of his employment with [Defendant] and/or as an agent of [Defendant]." (State Court Compl. ¶ 8 (alteration added); see also id. ¶ 12).
Plaintiff insures Defendant through a commercial general liability policy (the "Policy"). (See Pl.'s Mot. 3). The Policy affords coverage for bodily injury caused by accidents, subject to certain exclusions. (See id. ). One such exclusion is the "auto exclusion," which states the Policy does not apply to " '[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured." (Id. (alteration added) ). The Policy contains a number of definitions for an "insured," but the only relevant definition provided by the parties includes:
"... your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability *1272 company) or your managers (if you are a limited liability company) but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.
Id. The Policy defines an "employee" as including "leased worker" but not a "temporary worker." (Def.'s Mot. 4).
Count I of the Complaint seeks a declaratory judgment that Plaintiff has no duty to defend or indemnify Defendant with respect to any damages alleged in the state court case. (See Compl. 6). Count II is directed to Tibaldeo. (See id. ¶¶ 30-36).
II. LEGAL STANDARD
Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a), (c). An issue of fact is "material" if it might affect the outcome of the case under the governing law. See Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. See id. ; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp. , 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
At summary judgment, the moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. See Allen v. Tyson Foods Inc. , 121 F.3d 642, 646 (11th Cir. 1997). Courts must consider the entire record and not just the evidence singled out by the parties. See Clinkscales v. Chevron U.S.A., Inc. , 831 F.2d 1565, 1570 (11th Cir. 1987). The non-moving party's presentation of a "mere existence of a scintilla of evidence" in support of its position is insufficient to overcome summary judgment. Anderson , 477 U.S. at 252, 106 S.Ct. 2505.
If there are any factual issues, summary judgment must be denied and the case proceeds to trial. See Whelan v. Royal Caribbean Cruises Ltd. , No. 1:12-CV-22481, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013) (citing Envtl. Def. Fund v. Marsh , 651 F.2d 983, 991 (5th Cir. 1981) ). Even when the parties "agree on the basic facts, but disagree about the inferences that should be drawn from these facts[,]" summary judgment "may be inappropriate." Id. (alteration added; citation omitted). "If reasonable minds might differ on the inferences arising from undisputed facts, then ... [c]ourt[s] should deny summary judgment." Id. (alterations added; citations omitted). Additionally, courts cannot weigh conflicting evidence. See Skop v. City of Atlanta, Ga. , 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co. , 802 F.2d 1352, 1356 (11th Cir. 1986) ).
III. ANALYSIS
A. Duty to Defend
"The construction of insurance contracts is governed by substantive state law," which the parties agree is Florida law. Provau v. State Farm Mut. Auto. Ins. Co. , 772 F.2d 817, 819 (11th Cir. 1985). Under Florida law, "[t]he duty to defend must be determined from the allegations in the complaint." Jones v. Fla. Ins. Guar. Ass'n, Inc. , 908 So.2d 435, 443 (Fla. 2005) (citations omitted). In other words, the duty to defend "is determined solely by the allegations against the insured, not by the actual facts, nor the insured's version *1273 of the facts." Irvine v. Prudential Prop. & Cas. Ins. Co. , 630 So.2d 579, 579-80 (Fla. 3d DCA 1993) (citation omitted). Therefore, it is the case that "[w]hen the actual facts are inconsistent with the allegations in the complaint, the allegations in the complaint control in determining the insurer's duty to defend." Baron Oil Co. v. Nationwide Mut. Fire Ins. Co. , 470 So.2d 810, 814 (Fla. 1st DCA 1985) (alteration added; citations omitted).
The Court rejects Defendant's contention it should look beyond the four corners of the State Court Complaint on the basis determination of the duty to defend "strictly by looking at the pleading, particularly conclusory pleading, and [putting] blinders on as to what it actually knows, is unfair." (Def.'s Mot. 16 (alteration added) ). Defendant cites no case or legal authority for its position the Court should ignore binding Florida law, and the Court will not disregard the requirements set forth by Florida's courts - regardless of whether or not these requirements are "unfair." The Court thus considers only the State Court Complaint and the language of the Policy in determining whether Plaintiff has a duty to defend.
The language of the Policy precludes coverage for injuries resulting from automobile accidents when the automobile is driven by an insured. (See Pl.'s Mot. 3). Thus, if Tibaldeo is an insured, then the auto exclusion applies and Plaintiff has no duty to defend Defendant from the allegations in the State Court Complaint. See Underwriters at Lloyd's of London v. McCaul , 949 So.2d 1137, 1140 (Fla. 3d DCA 2007) (holding an auto exclusion bars coverage if "the insured's alleged liability arose from the use of its vehicle"). The State Court Complaint alleges Tibaldeo was either an "employee" or an "agent" of Defendant. (See State Court Compl. ¶ 12).
Because the auto exclusion only bars coverage for injuries caused by insureds, Plaintiff has a duty to defend Defendant if Tibaldeo is not an insured under at least one of the State Court Complaint's theories. See Westmoreland v. Lumbermens Mut. Cas. Co. , 704 So.2d 176, 180 (Fla. 4th DCA 1997) ("[W]here a complaint alleges facts that are partially within and partially outside the coverage of an insured's policy, the insurer is not only obligated to defend, but must defend the entire suit." (alteration added; internal quotation marks and citations omitted) ). In other words, if both employees and agents are insureds under the Policy, the auto exclusion applies and Plaintiff has no duty to defend - but if either employees or agents do not qualify as insureds under the Policy, Plaintiff must defend the entire suit. See id.
Employees are clearly defined as insureds under the Policy, and therefore excluded from coverage by the auto exclusion. (See Pl.'s Mot. 3; Def.'s Mot. 4). Thus, the only question in this case is whether an agent of Defendant counts as an insured under the Policy, triggering the auto exclusion. The parties provide two competing cases on this question. Plaintiff cites Discover Property and Casualty Insurance Company v. Lexington Insurance Company (see Pl.'s Mot. 7-8), which held if the driver of the vehicle "were an agent rather than an employee, he would not be an insured, but the auto exclusion would apply via respondeat superior." 664 F.Supp.2d 1296, 1303 (S.D. Fla. 2009). Defendant relies on Luhman v. Covington Specialty Insurance Company (see Def.'s Mot. 5), which held "[b]ecause an agent would not fit within the policy exclusion, there might be coverage - which means [Plaintiff] had a duty to defend."
*1274 No. 16-20044-CIV, 2017 WL 850178, at *7 (S.D. Fla. Mar. 2, 2017) (alterations added). According to Plaintiff, " Luhman got it wrong and Discover got it right." (Pl.'s Reply 5). Defendant disagrees, arguing Luhman relied on "the precedential value of a Florida Appellate Court decision," while Discover did not. (Def.'s Reply 3-4).
The Court agrees with Defendant. The Discover court reasoned the auto exclusion applied to the acts of agents because "[t]he act of an employee or agent of a corporation is the act of the corporation itself" under the doctrine of respondeat superior , and the corporation was itself an insured. Discover , 664 F.Supp.2d at 1300 (alteration added). Yet, if an employee or agent of a corporation is considered an insured so long as the corporation itself is defined as an insured, the Policy's definition of "insured" as including "your employees" (Pl.'s Mot. 3) is "rendered superfluous, violating the premise that the judiciary seeks to provide meaning to every contractual term." BioHealth Med. Lab., Inc. v. Cigna Health & Life Ins. Co. , 706 F. App'x 521, 524 (11th Cir. 2017) (citation omitted). Had Plaintiff wanted to exclude coverage for agents of Defendant, it should have defined agents as insured persons under the Policy.
The Court agrees with the reasoning in Luhman . The State Court Complaint frames its allegations in the alternative - that Tibaldeo operated the vehicle "in the course and scope of his employment with [Defendant] and/or as an agent of [Defendant.]" (State Court Compl. ¶ 8 (alteration added; emphasis added) ). Faced with such alternative positions taken in pleadings, "Florida [c]ourts have applied similar 'auto exclusions' and have found that there is, or can be, a distinction between an employee and an agent under such policies, where allegations of employees in the complaint would exclude coverage, whereas allegations of an agency relationship would not." Luhman , 2017 WL 850178, at *6 (alteration added). For example, in Category 5 Mgmt. Grp., LLC v. Companion Prop. and Casualty Insurance Company , the policy "defined 'insured' as including appellant and its employees" but did not mention agents. 76 So.3d 20, 24 (Fla. 1st DCA 2011). Because the policy defined "insureds" as employees but not agents, the court found language in the complaint indicating "a more generalized principal-agent relationship ... fairly brought the suit outside the automobile exclusion." Id. (alteration added).
Plaintiff's reliance on Discover Properties , a federal case, cannot overcome Defendant's citations to Luhman and Category 5 because the Court is "bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." Winn-Dixie Stores, Inc. v. Dolgencorp, LLC , 746 F.3d 1008, 1021 (11th Cir. 2014) (quoting Provau , 772 F.2d at 820 ). Florida's First District Court of Appeal held in Category 5 that an auto exclusion precluding coverage for employees of an insured does not relieve an insurer of its duty to defend its insured for acts of the insured's agents. See Category 5 , 76 So.3d at 24. Because Plaintiff has not provided the Court with contrary authority from an intermediate Florida appellate court or the Florida Supreme Court, the Court is bound to follow the holding in Category 5 .
B. Duty to Indemnify
"An insurer's duty to indemnify is narrower than its duty to defend and must be determined by analyzing the policy coverages in light of the actual facts in *1275 the underlying case." Sinni v. Scottsdale Ins. Co. , 676 F.Supp.2d 1319, 1323 (M.D. Fla. 2010) (citing State Farm Fire & Cas. Co. v. CTC Dev. Corp. , 720 So.2d 1072, 1077 n.3 (Fla. 1998) ). "The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims by some other means." David R. Farbstein, P.A. v. Wesport Ins. Corp. , No. 16-CV-62361, 2017 WL 3425327, at *9 (S.D. Fla. Aug. 9, 2017) (internal quotation marks and citation omitted). "Because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." Northland Cas. Co. v. HBE Corp. , 160 F.Supp.2d 1348, 1360 (M.D. Fla. 2001) (citations omitted). The Court thus defers consideration of Plaintiff's duty to indemnify until such time as the underlying action has concluded.
IV. CONCLUSION
For the foregoing reasons, it is
ORDERED and ADJUDGED that
1. Plaintiff's Motion [ECF No. 47] is DENIED .
2. Defendant's Cross Motion for Partial Summary Judgment [ECF No. 50] is GRANTED .
3. Plaintiff, Atlantic Casualty Insurance Company, has a duty to defend Defendant, Ca'D'Oro, LLC in the underlying action, Miami Dade Case No. 2018-007379-CA-01.
4. The Court makes no finding regarding Plaintiff's duty to indemnify Ca'D'Oro, LLC, as that claim is premature.
5. The Clerk is instructed to mark the case as CLOSED . Plaintiff may move to reopen the case within thirty (30) days after its claim for declaratory relief on the duty to indemnify Ca'D'Oro, LLC becomes ripe. If Plaintiff wishes to pursue a final default judgment as to Tibaldeo, it must file a motion within ten (10) calendar days of the date of this Order.
DONE AND ORDERED in Miami, Florida, this 18th day of December, 2018.

The parties' statements of material facts violate Rule 56.1 of the Local Rules of the Southern District of Florida, which requires "[s]tatements of material facts submitted in opposition to a motion for summary judgment [to] correspond with the order and with the paragraph numbering scheme used by the movant," and either admit or deny each fact. S.D. Fla. Local R. 56.1(a) (alterations added). Because each party failed to "controvert" the other's facts, all material facts set forth in the Motions are deemed admitted. See id. 56.1(b).

Tibaldeo is a defendant in this action as well, but failed to appear and has consequently been defaulted. (See Clerk's Entry of Default [ECF No. 39] ).

The State Court Complaint also contains two other counts against other defendants, but those defendants are not parties to this declaratory action.