DAVID HITTNER, United States District Judge
Pending before the Court is Plaintiffs' Motion to Remand (Document No. 6). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted in part and denied in part.
I. BACKGROUND
This is a dispute arising from a contract to provide healthcare services. Plaintiffs Mohamed Shalaby, M.D. and Mohamed Shalaby, M.D.P.A. (collectively, "Shalaby") allegedly operated Plaintiff Clear Lake Cardiovascular Care, P.A. ("CLCC") as a cardiology practice with Defendant Ahmed Ahmed, M.D. ("Ahmed"). Shalaby and CLCC (collectively, "Plaintiffs") allege CLCC had a contract (the "CLCC Contract") with Defendants Universal American Corporation ("Universal") and Universal's wholly-owned subsidiary Heritage Physician Network ("Heritage") (collectively, the "Universal Defendants"). Under the CLCC Contract, Plaintiffs allege Shalaby and Ahmed were to provide healthcare services to patients within the Universal Defendants' network. On May 1, 2017, Plaintiffs allege Ahmed unilaterally effected termination of the CLCC Contract without Plaintiffs' authorization. By August 2017, Plaintiffs allege Ahmed, in a conspiracy with the Universal Defendants, began providing healthcare services to Shalaby's former patients. Plaintiffs further allege the Universal Defendants failed to pay Plaintiffs for all healthcare services provided under the CLCC Contract.
Based on the foregoing, on April 4, 2018, Plaintiffs filed this lawsuit against Ahmed and the Universal Defendants in the 157th District Court of Harris County, Texas. Plaintiffs bring claims for breach of contract, tortious interference with contract, breach of fiduciary duty, ultra vires conduct, and conspiracy. On May 9, 2018, the Universal Defendants removed the case to this Court under the federal officer statute, 28 U.S.C. § 1442(a)(1). On June 8, 2018, Plaintiffs filed a motion to remand the case to state court.
II. LAW & ANALYSIS
Plaintiffs contend the Court should remand the case to state court and should further award Plaintiffs attorney fees and costs. The Court addresses each contention in turn.
A. Remand
Plaintiffs contend the Court should remand the case to state court because the Court lacks subject matter jurisdiction. The Universal Defendants contend the Court has subject matter jurisdiction under the federal officer statute. Federal *696 courts are of "limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am. , 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). The removing defendant has the burden to show removal is proper. Winters v. Diamond Shamrock Chem. Co. , 149 F.3d 387, 397 (5th Cir. 1998). The federal officer statute allows removal of an action "against or directed to ... any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). The Court's limited jurisdiction ordinarily resolves doubts in favor of remand, but "courts have not applied that tiebreaker when it comes to the federal officer removal statute in light of its broad reach." Savoie v. Huntington Ingalls, Inc. , 817 F.3d 457, 462 (5th Cir. 2016). Nevertheless, while the federal officer statute is broad, its scope "is not limitless." Watson v. Philip Morris Cos., Inc. , 551 U.S. 142, 147, 127 S.Ct. 2301, 168 L.Ed.2d 42 (2007).
To remove a case under the federal officer statute, a defendant must show: (1) the defendant "is a person within the meaning of the statute"; (2) the defendant "acted pursuant to a federal officer's directions"; (3) "a causal nexus exists between its actions under color of federal office and the plaintiff's claims"; and (4) the defendant has "a colorable federal defense." City of Walker v. La. through Dep't of Transp. & Dev. , 877 F.3d 563, 569 (5th Cir. 2017) (quoting Zeringue v. Crane Co. , 846 F.3d 785, 789 (5th Cir. 2017) ). "[R]emoval of the entire case is appropriate so long as a single claim satisfies the federal officer removal statute." Savoie , 817 F.3d at 463. Assuming, without deciding, the Universal Defendants are persons under the statute, the Court turns to whether the Universal Defendants acted pursuant to a federal officer's directions.
The Universal Defendants contend they acted pursuant to the directions of Centers for Medicare & Medicaid Services ("CMS"). Plaintiffs do not dispute CMS qualifies as a federal officer and instead contend the Universal Defendants fail to show they acted pursuant to the directions of CMS. A defendant acts pursuant to a federal officer's directions when the defendant serves "to assist, or to help carry out, the duties or tasks of the federal superior." Watson , 551 U.S. at 152, 127 S.Ct. 2301. "The federal officer must have direct and detailed control over the defendant such that the acts that form the basis for the suit were performed pursuant to an officer's direct orders or to comprehensive and detailed regulations." McGee v. Arkel Int'l, LLC , 716 F.Supp.2d 572, 575 (S.D. Tex. 2009) (Ellison, J.) (internal quotation marks and citation omitted).
The Universal Defendants state they are subject to CMS's regulation as Medicare Advantage Organizations ("MAO")[1] administering Medicare benefits under Part C of the Medicare Act[2] pursuant to a contract with CMS (the "CMS Contract").[3] The Universal Defendants state the CMS
*697 Contract does not require the Universal Defendants to directly provide healthcare services and instead permits the Universal Defendants to negotiate and execute private contracts (the "Private Contracts") with private entities that provide healthcare services on the Universal Defendants' behalf. It is undisputed CMS permits the Universal Defendants to administer healthcare services via the Private Contracts "with limited CMS oversight."[4] It is further undisputed the Universal Defendants receive fixed payments from CMS and "assume[d] full financial risk" that payments due under the Private Contracts may exceed the amount of payments received from CMS.[5]
Plaintiffs' allegations as to the acts that form the basis for this suit relate to conduct under one of the Private Contracts-the CLCC Contract-and concern whether the Universal Defendants, inter alia , failed to make proper payments to Plaintiffs under the CLCC Contract and improperly terminated the CLCC Contract. Plaintiffs do not make any allegation as to conduct under the CMS Contract. The Universal Defendants do not identify any direct and detailed control by CMS regarding Plaintiffs' allegations as to the acts that form the basis for this suit. The Universal Defendants do not show they assisted or helped to carry out the duties or tasks of CMS. The Court finds the Universal Defendants fail to show they acted pursuant to a federal officer's directions.[6] See Ohio State Chiropractic Ass'n v. Humana Health Plan Inc. , 647 F. App'x 619, 623-24 (6th Cir. 2016) (holding MAOs do not act pursuant to a federal officer's directions); Premier Inpatient Partners LLC v. Aetna Health & Life Ins. Co. , No. 8:18-CV-619-T-35AAS, 362 F.Supp.3d 1271, 1225-26, 2019 WL 988911, at *7 (M.D. Fla. Feb. 15, 2019) (Scriven, J.) (same). Thus, the Court finds the Universal Defendants fail to demonstrate removal is proper under the federal officer statute.[7] Accordingly, Plaintiffs' motion to remand is granted.[8]
*698 B. Attorney Fees
Plaintiffs contend the Court should award Plaintiffs attorney fees and costs under 28 U.S.C. § 1447(c). The Universal Defendants contend attorney fees and costs are inappropriate under § 1447(c). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Generally, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp. , 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). The Court does not consider the removing defendant's motive and instead considers "the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." Valdes v. Wal-Mart Stores, Inc. , 199 F.3d 290, 292-93 (5th Cir. 2000).
In support of removal, the Universal Defendants invoked the federal officer statute. The United States Court of Appeals for the Fifth Circuit has not addressed whether the federal officer statute permits removal by a MAO on the basis of the MAO's contractual relationship with CMS, and other jurisdictions have reached differing results.[9] The Court finds the Universal Defendants did not lack an objectively reasonable basis for seeking removal. Thus, the Court finds Plaintiffs are not entitled to attorney fees and costs under § 1447(c). Accordingly, Plaintiffs' request for attorney fees and costs is denied.
III. CONCLUSION
Accordingly, the Court hereby
ORDERS that Plaintiffs' Motion to Remand (Document No. 6) is GRANTED IN PART and DENIED IN PART. The motion is granted as to Plaintiffs' request for the case to be remanded to state court. The motion is denied as to Plaintiffs' request for attorney fees and costs. The Court further
ORDERS that this case is hereby REMANDED to the 157th District Court of Harris County, Texas.

MAOs are private insurers who contract with CMS to administer Medicare benefits under Part C of the Medicare Act. 42 U.S.C. § 1395w-27.

Part C of the Medicare Act, unlike Parts A and B, permits individuals to receive Medicare benefits through private health-insurance plans. 42 U.S.C. § 1395w-21.

The United States Court of Appeals for the Fifth Circuit has not addressed whether the federal officer statute permits removal by a MAO on the basis of the MAO's contractual relationship with CMS, and other jurisdictions have reached differing results. Compare Ohio State Chiropractic Ass'n v. Humana Health Plan Inc. , 647 F. App'x 619, 623-24 (6th Cir. 2016), with Body & Mind Acupuncture v. Humana Health Plan, Inc. , No. 1:16CV211, 2017 WL 653270, at *5 (N.D.W. Va. Feb. 16, 2017) (Keeley, J.).

Response to Motion to Remand , Document No. 11 at 6 [hereinafter Response ]; see 42 C.F.R. §§ 422.214, 422.520(b)(1).

Response , supra note 4, at 6; see 42 U.S.C. § 1395w-25(b).

The Court notes the Universal Defendants cite to Beaumont Foot Specialists, Inc. v. United Healthcare of Texas, Inc. , No. 1:15-CV-216, 2015 WL 9257026 (E.D. Tex. Dec. 14, 2015) (Hawthorn, M.J.), and General Surgical Associates, P.A. v. Humana Health Plan of Texas, Inc. , No. SA-14-CA-31-OLG HJB, 2014 WL 12496771 (W.D. Tex. Apr. 21, 2014) (Bemporad, M.J.), to contend they acted pursuant to a federal officer's directions. However, the plaintiffs in Beaumont Foot Specialists , 2015 WL 9257026, at *3, and General Surgical , 2014 WL 12496771, at *1, alleged violations of the Texas Prompt Pay Act. "CMS has clearly and intentionally regulated the prompt payment of claims between MA[Os] and providers." S. Tex. Health Sys. v. Care Improvement Plus of Tex. Ins. Co. , No. 7:14-CV-912, 2015 WL 9257021, at *5 (S.D. Tex. Sept. 28, 2015) (Crane, J.); see 42 C.F.R. § 422.520(b)(1). Plaintiffs do not allege violations of the Texas Prompt Pay Act in this case. The Court therefore finds Beaumont Foot Specialists and General Surgical are unpersuasive.

Plaintiffs further contend the federal officer statute is not satisfied because the Universal Defendants cannot demonstrate a causal nexus or a colorable federal defense. However, in light of the Court's holding, the Court need not address these contentions.

The Court notes the Universal Defendants contend "removal was also proper under 28 U.S.C. § 1441." Response , supra note 4, at 2. The Universal Defendants do not explain how, or cite to authority showing, § 1441 is satisfied. The Universal Defendants therefore fail to meet their burden, as the removing parties, to show § 1441 is satisfied.

See supra note 3.